### W. E. JOHNSON v. FORD MOTOR COMPANY ET AL.

(Filed 21 November, 1928.)

APPEAL by defendant from *Lyon, Emergency Judge,* at April Term, 1928, of MECKLENBURG.

Civil action to recover damages for injury to plaintiff's person, resulting in a rupture, alleged to have been caused by the negligence of the defendant in failing properly to furnish tools and appliances reasonably suitable for the work in which plaintiff was engaged at the time, to wit, fastening bolts, with an open-end wrench and speed wrench, on incompleted automobile bodies, or chassis, as they moved along an assembly line in the defendant's assembly plant located in the city of Charlotte. It is alleged that the wrenches furnished the plaintiff were not suitable for the work and that the speed wrench was defective.

The usual issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of the plaintiff.

From a judgment on the verdict, the defendant appeals, assigning errors.

*Redd & Small and John M. Robinson for plaintiff.*
*C. H. Gover for defendant.*

PER CURIAM. This case was debated on the argument with much zeal and earnestness, but a careful perusal of the record leaves us with the impression that the case has been heard and determined substantially in accord with the principles of law applicable, and that the validity of the trial should be sustained. All matters in dispute have been settled by the verdict, and no action or ruling on the part of the trial court has been discovered by us which we apprehend should be held for reversible error.

There is sharp conflict in the evidence on the issue of liability, but this was purely a question of fact; the jury has determined the matter against the defendant; there is no reversible error appearing on the record; the exceptions relating to the admission and exclusion of evidence, and those to the charge, must all be resolved in favor of the validity of the trial; the case presents no new questions of law, or one not heretofore settled by our decisions; it only calls for the application of old principles to new facts. The verdict and judgment must be upheld.

No error.